IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

KENNETH EARL McDILL,          )
AIS #207514,                  )
                              )
        Petitioner,           )
                              )
    v.                        )          CASE NO. 1:03-CV-1057-WKW
                              )                    [WO]
                              )
ARNOLD HOLT, *et al.*,        )
                              )
        Respondents.          )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I. INTRODUCTION AND PROCEDURAL HISTORY

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief

filed by Kenneth Earl McDill ["McDill"], a state inmate, on October 22, 2003.  In this

petition, McDill challenges convictions for sodomy and sexual abuse imposed upon him by

the Circuit Court of Houston County, Alabama on September 14, 1999.[1]  By operation of

law, these convictions became final on October 26, 1999.

Pursuant to the orders of this court, the respondents filed an answer and supplements

thereto in which they argue that the instant federal habeas petition is barred by the one-year

_____

[1]A Houston County grand jury initially issued indictments against McDill on November 9, 1998 for
sodomy and sexual abuse.  *See Respondents' Exhibit 1 - State Court Record of July 2001 Rule 32 Petition* at
27-30.  However, a separate Houston County grand jury re-issued indictments against McDill on March 19,
1999 for these same offenses.  *Id.* at 18-20.  On September 14, 1999, McDill pled guilty to the charges
contained in the March 19, 1999 indictments.

limitation period applicable to 28 U.S.C. § 2254 petitions.  *See* 28 U.S.C. § 2244(d)(1).[2]  The

respondents contend that because the challenged convictions became final after the effective

date of the statute of limitations McDill must have filed his § 2254 petition within a year of

these convictions becoming final, exclusive of the time that any properly filed state post-

conviction petition was pending before the state courts.  The respondents acknowledge that

McDill filed state post-conviction petitions pursuant to Rule 32 of the Alabama Rules of

Criminal Procedure on July 9, 2001 and March 5, 2003.  However, the respondents argue

that neither of these petitions tolled the one-year federal period of limitation as McDill filed

such petitions after expiration of the limitation period and the  petitions are therefore not

considered pending for tolling purposes under the provisions of 28 U.S.C. § 2244(d)(2).

*Respondents' Answer* at 5; *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003); *Tinker

v. Moore*, 255 F.3d 1331, 1333-1335 (11th Cir. 2001); *Webster v. Moore*, 199 F.3d 1256,

1259 (11th Cir.), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000).  The

respondents therefore maintain that the present federal petition for habeas corpus relief is

time barred.

In light of this argument, the court entered orders advising McDill that he had failed

to file his federal habeas petition within the one-year limitation period established by 28

U.S.C. § 2244(d)(1).  *See Order of June 24, 2004 - Court Doc. No. 23*; *Order of August 6,

2004 - Court Doc. No. 28.*  These orders also allowed McDill an opportunity to show cause

---

[2]Title 28 U.S.C. § 2244(d)(1) sets forth the one-year period of limitation.  This section is contained within
the Anti-Terrorism and Effective Death Penalty Act of 1996 which became effective on April 24, 1996.

why his federal petition should not be barred from review by this court as untimely. *Id*.

In his initial response, McDill asserts that he timely filed his challenge to the composition of the grand jury as this claim is based on "newly discovered evidence" obtained by him during the latter part of 2002. *March 3, 2004 Show Cause Response of the Petitioner - Court Doc. No. 13* at 1. Implicit in this argument is a request for tolling during the time "[t]he Rule 32 filed in 2003" remained pending in the state courts as this petition "was based on [this same] Newly Discovered Evidence" and "filed within 3 months of the discovery . . ." *Id*. On June 2, 2004 and June 23, 2004, the respondents filed supplemental answers addressing McDill's argument that the instant petition is not time barred. Specifically, they assert that McDill is entitled to neither § 2244(d)(1)(D)'s latter start date arising at the time he became aware of the factual predicate for his grand jury claim nor statutory or equitable tolling of the limitation period. In support of these arguments, the respondents maintain that McDill did not act with the requisite "due diligence" necessary to warrant application of § 2244(d)(1)(D) and also failed to establish the existence of extraordinary circumstances that were both beyond his control and unavoidable even with diligence which are essential elements for imposition of equitable tolling. *Respondents' Third Supplemental Answer - Court Doc. No. 22* at 4; *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir.1999); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield,* 292 F.3d 709, 711 (11th Cir. 2002).

McDill likewise asserts that this court should ignore the untimeliness of his petition because he is actually innocent of the crimes for which he was convicted. With respect to

this claim, the respondents maintain that McDill has presented no evidence of actual, factual innocence nor indicated that any such evidence exists.  The respondents further argue that McDill cannot present a viable claim of actual innocence because he pled guilty to the offenses which he now challenges.

Upon review of the pleadings filed by the parties and governing federal law, the court concludes that the applicable limitation period began to run on October 26, 1999 and ran uninterrupted until its expiration on October 26, 2000.  Thus, the instant § 2254 petition for writ of habeas corpus relief is due to be denied because McDill failed to file this petition within the requisite one-year period of limitation.

## II.  DISCUSSION

### A.  Actual Innocence

This Court must determine whether McDill has demonstrated his actual innocence before addressing the respondents assertion that the instant petition is barred by the statute of limitations.  *Wyzykowski v. Department of Corrections*, 226 F.3d 1213, 1218 (11th Cir. 2000).  "To establish actual innocence, [a habeas petitioner] must demonstrate that . . . 'it is more likely than not that no reasonable juror would have convicted him.'  *Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)."  *Bousley v. United States,* 523 U.S. 614, 623 (1998).  "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency.  *See Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)."  *Bousley*, 523 U.S. at 623-624.  In addressing actual innocence, the Supreme Court noted that:

4

> To be credible, . . . a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

*Schlup*, 513 U.S. at 324 (1995).

McDill presents only his self-serving, conclusory allegation that he is actually innocent and presents nothing in support of this claim. Specifically, McDill has submitted no "new reliable evidence" to support his claim of actual innocence nor has he suggested that this requisite evidence exists so as to meet the standard set forth by *Schlup*. The court therefore concludes that McDill has failed to establish his actual innocence.

### B. Statute of Limitations

Congress enacted the Anti-Terrorism and Effective Death Penalty Act of 1996 [the "AEDPA"] on April 24, 1996. The AEDPA amended the habeas corpus statute to include a one-year period of limitation on petitions filed by state inmates under 28 U.S.C. § 2254. This limitation period is codified at 28 U.S.C. § 2244(d) and provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> © the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively

            applicable to cases on collateral review; or
            (D) the date on which the factual predicate of the claim or
            claims presented could have been discovered through the
            exercise of due diligence.
    (2) The time during which a properly filed application for State post-
conviction or other collateral review with respect to the pertinent judgment or
claim is pending shall not be counted toward any period of limitation under
this subsection.

The statute clearly directs that the limitation period for filing a 28 U.S.C. § 2254

petition begins to run at the conclusion of direct review or upon expiration of the time for

seeking direct review, whichever is later.  Where a petitioner preserves his right to file a

petition for writ of certiorari in the United States Supreme Court, the statute of limitations

is tolled during the ninety-day period in which such action may be undertaken.  *Coates v.*

*Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion

of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. §

2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time

for seeking review has expired."); *Nix v. Secretary for Dept. of Corrections*, 393 F.3d 1235,

1236 (11th Cir. 2004) ( "Section 2244(d)(1)(A) provides that the one-year limitations period

in which a state prisoner has to file a writ for habeas corpus begins to run from 'the date on

which the judgment became final by the conclusion of direct review or the expiration of the

time for seeking such review.'").  Accordingly, a state court judgment of conviction becomes

final under 28 U.S.C. § 2244 when the Supreme Court denies certiorari or the time to apply

for certiorari expires.  *Id*.  However, the ninety-day period in which to seek *certiorari* from

the United States Supreme Court does not count towards expiration of the one-year period

of limitation only when a petitioner preserves his right to apply for such relief.

On September 14, 1999, the Circuit Court of Houston County, Alabama convicted McDill of sodomy and sexual abuse and sentenced him to twelve years imprisonment. McDill did not appeal these convictions.  Consequently, the sodomy and sexual abuse convictions became final on October 26, 1999 - forty-two days after imposition of conviction and sentence as this is the date on which McDill's time to seek direct review expired.  *See* Rule 4(b)(1), *Alabama Rules of Appellate Procedure*.  The one-year period of limitation contained in section 2244(d)(1)(A) therefore began to run on this date.

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."  Although McDill filed Rule 32 petitions in July of 2001 and March of 2003 challenging his sodomy and sexual abuse convictions, these petitions were not pending during the running of the federal limitation period as McDill filed such actions well after expiration of this time period.[3]  The law is clear that "even 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period.  A state court petition ... that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."

---

[3]McDill filed his first Rule 32 petition several months after the one-year period of limitation contained in § 2244(d) had expired, while he filed the second Rule 32 petition over two years after expiration of the allotted time period.

*Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000); *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("The plain language of the statute provides for tolling '[t]he time during which a properly filed application for State post-conviction or other collateral review ... is pending.' 28 U.S.C. § 2244(d)(2). While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired. In other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired."); *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period."). In light of the foregoing, the state post-conviction petitions filed by McDill in 2001 and 2003 had no effect on the running of the limitation period applicable to the instant federal habeas petition as the limitation period expired on October 26, 2000. *Webster*, 199 F.3d at 1259. Consequently, McDill is not entitled to a statutory tolling of the limitation period under the provisions of 28 U.S.C. § 2244(d)(2).

## C.  28 U.S.C. § 2244(d)(1)(D) and Equitable Tolling

Title 28 U.S.C. § 2244(d)(1)(D) directs that the limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence" if such date is the latest of the dates set forth in the statute. Moreover, the law provides that the limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and

unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield,* 292 F.3d 709, 711 (11th Cir. 2002). "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court,* 128 F.3d 1283, 1288 (9th Cir.1997).   Such tolling applies only in truly extraordinary circumstances. *Jones v. United States,* 304 F.3d 1035, 1039-40 (11th Cir. 2002); *Drew v. Department of Corrections,* 297 F.3d 1278, 1286 (11th Cir. 2002).   "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew,* 297 F.3d at 1286; *see Helton v. Secretary  for the Dept. of Corrections,* 259 F.3d 1310, 1313-14 (11th Cir.2001).   Thus, for a court to permit utilization of the start date contained in 28 U.S.C. § 2244(d)(1)(D) or allow equitable tolling of the limitation period, a petitioner must establish that he acted with diligence.

McDill argues that he is entitled to either the statutory start date set forth in 28 U.S.C. § 2244(d)(1)(D) or equitable tolling of the limitation period until the latter part of 2002 as this is the time he became aware that the forewoman of the November 1998 Houston County grand jury improperly served on the grand jury.   In response to this argument, the respondents maintain that utilization of the start date contained in 28 U.S.C. § 2244(d)(1)(D) is improper as McDill failed to exercise due diligence in obtaining information relating to the circumstances underlying his indictment on March 19, 1999.   They further argue that equitable tolling is not appropriate because McDill has failed to demonstrate that he untimely

filed this federal habeas petition due to extraordinary circumstances both beyond his control and unavoidable with diligence.

Upon review of the record, the court concludes that McDill has failed to establish that he exercised due diligence in attempting to obtain information relevant to the indictments issued against him so as to justify reliance on 28 U.S.C. § 2244(d)(1)(D). Additionally, McDill does not present extraordinary circumstances beyond his control and unavoidable even upon the exercise of diligence which entitle him to equitable tolling of the one-year period of limitation. Thus, under the circumstances of this case, neither utilization of 28 U.S.C. § 2244(d)(1)(D) as the basis for calculation of the limitation period nor equitable tolling is warranted.

### D. Expiration of the Period of Limitation

The sodomy and sexual abuse convictions McDill challenges in the instant federal habeas petition became final by operation of law on October 26, 1999. McDill has failed to demonstrate that he is entitled to relief under 28 U.S.C. § 2244(d)(1)(D) nor equitable or statutory tolling of the limitation period until the time he filed this federal action. The limitation period therefore expired on October 26, 2000, almost three years prior to the filing of this federal action.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition for habeas corpus relief filed by McDill on October 22, 2003 be denied as McDill failed to file this petition within the one-year period of limitation set forth

10

in 28 U.S.C. § 2244(d)(1).

2.  This case be dismissed with prejudice.

It is further

ORDERED that on or before March 21, 2006 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation s bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 8th day of March, 2006.


_____/s/Charles S. Coody_____
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE

11